UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

KEITH RUSSELL JUDD,           )
                              )
            Plaintiff,        )
                              )
      v.                      )    Civ. No. 10-382-P-W
                              )
UNITED STATES ATTORNEY        )
GENERAL, et al.,              )
                              )
            Defendants        )

**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND RECOMMENDATION REGARDING 28 U.S.C. § 2241 PETITION**

Keith Russell Judd has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Judd lists his address as the Texarkana Federal Correctional Institution in Texarkana, Texas. A federal jury convicted Judd of two counts of mailing a threatening communication with the intent to extort money or something of value in violation of 18 U.S.C. § 876 and Judd was sentenced to 210-months of imprisonment. See United States v. Judd, 252 F.3d 435, 2001 WL 360738 (5th Cir. 2001)(unpublished) (per curiam).[1]

Judd has filed a motion to proceed in forma pauperis which does not include the required inmate account statement. However, because the information that Judd has provided suggests that he is unable to pay even the $5.00 filing fee for this habeas corpus action I grant Judd leave to proceed without prepayment of the fee. Should the Court disagree with my recommendation that this matter be summarily dismissed, Judd will be required to comply with the formal in forma pauperis requirements and submit a copy of his inmate account.

---

[1] Judd apparently was convicted in New Mexico state court of two counts of the use of a telephone to terrify, intimidate, threaten, harass, annoy, or offend and sought 28 U.S.C. § 2254 relief as to this conviction. See Judd v. Dantis, No. 99-2251, 2000 WL 123755, 1 (10th Cir. Feb. 2, 2000) (unpublished).

In this petition Judd presents two issues: one, whether habeas corpus relief is available for possible future detention and prosecution for constructive possession of firearms upon release from prison, and, two, whether the Second Amendment right to possess firearms at home for self-defense precludes any federal prosecution under 18 U.S.C. § 922(g)(1).

Judd states: "When Petitioner was arrested, he was in constructive and lawful possession of several types of firearms, guns, hand guns, and rifles. At the moment of release from prison or jail, Petitioner will be in constructive possession of these firearms, and possible future confinement." (Habeas Pet. at 3.) He cites <u>District of Columbia v. Heller</u>, 544 U.S. __, 128 S. Ct. 2783 (2008) and <u>McDonald v. City of Chicago</u>, 561 U.S. __, 130 S. Ct. 3020 (2010), among other cases.

Judd has recently filed five other identical petitions in other Districts, <u>see</u> <u>Judd v. Attorney General US</u>, Civ. No. 5:10-cv-00157-DF-ESH (E.D. Tex.); <u>Judd v. Holder</u>, Civ. No. 2:10-cv-01483-JCC-JPD (W. D. Wash.); <u>Judd v. US Attorney General</u>, Civ. No. 1:10-fp-0043 (D.N.H.); <u>Judd v. Holder</u>, Civ. No. 1:10-cv-01547-UNA (D. D.C.); <u>Judd v. Holder</u>, 5:10-cv-00163-DF-KFG (E. D. Tex.), and these are just the tip of the iceberg of all Judd's 748 cases in the federal courts since 1997.

<u>Judd v. Lappin</u>, Civ. No. 2:10-cv-731, 2010 WL 3522974 (S.D. Ohio Sept. 7, 2010) offers a handy template for addressing the pleading filed in this court. In that case Judd originally brought a 28 U.S.C. § 2254 petition challenging a New Mexico conviction and then amended invoking 28 U.S.C. § 2241 and challenged "'any future confinement or prosecution [by the United States] under the Gun Control Act, 18 U.S.C. § 922(g) at the moment of release from prison,'" naming "'as respondents the Attorney General of the United States, the Director of the Federal Bureau of Prisons, the United States Department of Justice and the United States.'" <u>Id.</u>

at 1. Noting that there was no suggestion that Judd has any ties with the Southern District of Ohio and that Judd's immediate custodian was not present in its district, the court concluded that it lacked jurisdiction to entertain petitioner's challenge to the New Mexico state court conviction. Id. The court stated: "It does not appear that petitioner is 'in custody' as to any future federal prosecution because no charge or detainer has been filed against him in that regard. Id. (citing Maleng v. Cook, 490 U.S. 488, 493 (1989))." "In any event," the court continued to reflect, "relief under § 2241 is not ordinarily available where the challenge may be asserted in the actual federal prosecution." Id. (citing Horning v. Seifert, 1997 WL 58620 (6th Cir. Feb. 11, 1997) which cites Jones v. Perkins, 245 U.S. 390 (1918)). The Court also agreed with the Magistrate Judge's conclusion that transferring the action to a different district would not serve the interests of justice and added that an appeal of the judgment would not be in good faith and denied Judd a certificate of appealability. Id. at 2 (citing Goldlawr, Inc. v. Heiman, 369 U.S. 463 (1962)). In Judd v. Holder, Docket No. 4, Civ. No. 1:10-cv-01547-UNA (D. D.C.), District Court Judge Reggie Walton simply concluded that Judd's 18 U.S.C. § 922(g) claim was not ripe for review and denied the petition without prejudice. See also Judd v. United States, No. 10-CV-203-GKF-FHM, 2010 WL 1416733, 1-2 (N.D.Okla. Apr. 5, 2010) ("[U]nder the facts of this case, the Court declines to transfer the petition. Since January 1, 2010, Petitioner has filed the same petition in eight (8) other federal district courts across the country."); Judd v. United States, No. 4:10cv91-RH/WCS, 2010 WL 1576745, 1 (N.D. Fla. Apr. 1, 2010) ("This is not the sentencing court. Even if Petitioner were entitled to proceed in habeas corpus, he is in federal custody in Texas and this court lacks jurisdiction to consider his claims. See Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004) (courts are limited by § 2241(a) to granting habeas relief "within their respective jurisdictions," and must have jurisdiction over the custodian; the traditional rule is that the writ is

3

"issuable only in the district of confinement.") (citations omitted). There is no reason to transfer this case to a federal court in Texas. The Fifth Circuit Court of Appeals has repeatedly noted this Petitioner's 'history of vexatious and frivolous litigation in this court and many other courts,' its own 'repeated warnings' and imposition of sanctions, and that they 'have been insufficient to deter him from continuing to file frivolous challenges to his conviction.'"). Based on the forgoing, Judd's 28 U.S.§ 2241 petition in this court should <u>not</u> be transferred to the Western District of Texas. It is frivolous and vexatious and should be summarily dismissed with prejudice.

As best as I can tell, this is Judd's first filing in the District of Maine, but he is subject to sanctions, both monetary and filing limitations in many federal courts. Foremost is the United States Supreme Court's order:

> Judd has abused this Court's certiorari and extraordinary writ processes. … The instant petition for certiorari thus brings Judd's total number of frivolous filings to 12. … We enter the order barring prospective filings for the reasons discussed in <u>Martin v. District of Columbia Court of Appeals</u>, 506 U.S. 1 (1992) *(per curiam)*. Judd's abuse of the writ of certiorari and of the extraordinary writs has been in noncriminal cases, and we limit our sanction accordingly.

<u>Judd v. U.S. Dist. Ct. W. D. Tex.</u>, 528 U.S. 5, 5-6 (1999). In the First Circuit it is worth noting District Court Judge Saris's recent admonition to Judd in the District of Massachusetts:

> Finally, judges have found Judd to be an abusive litigant, substantially wasting the judicial resources of the Clerk's Office and the Court…. Judge Lasker, in his Memorandum and Order in this action similarly found Judd's pleading practices to be intolerable, and entered an order prohibiting Judd from filing any further pleadings in this Court that did not directly relate to the claims in this Complaint. … Chief Judge Wolf also has found Judd to be an abusive litigant, and has enjoined him from filing any further pleadings or new cases unless he first filed a written motion seeking leave of court to do so, along with a copy of the Order and a certification under oath that there was a good faith basis for the filing. … Without belaboring the matter, the Court finds Judd's requests to reopen this case to be a continuation of his abusive pleading practices. His

4

> arguments do not raise any new, *bona fide* basis for granting Judd the relief sought in any fashion.

Judd v. United States, C.A. No. 06-10172-PBS, 2010 WL 1904869, 3 (D.Mass.2010) (internal citation omitted). See also Judd v. Fox , 289 Fed.Appx. 795-796, 1, 2008 WL 3858574 (5th Cir. 2008) (unpublished) ("Judd has a history of vexatious and frivolous litigation in this court and many other courts. We have issued repeated warnings to Judd, and we have sanctioned him for prior frivolous actions. These earlier warnings and sanctions have been insufficient to deter him from continuing to file frivolous challenges to his conviction. Accordingly, Judd is ORDERED to pay a sanction in the amount of $500 to the Clerk of this Court; and he is BARRED from filing in this court or in any court subject to this court's jurisdiction, any challenge to his conviction or sentence until all sanctions in all his actions are paid in full, unless he first obtains leave of the court in which he seeks to file such challenge. Even after satisfaction of all sanction orders, Judd may not file any civil action in a district court of this circuit, or any pleading or notice of appeal with this court, without first obtaining leave of the court in which he seeks to file such action, pleading, or notice."); In re Judd, 240 Fed.Appx. 981, 984, 2007 WL 2080459, 2 (3d Cir. 2007) ("Mr. Judd's continuing failure to comply with the terms of the March 4, 2005 injunction has placed significant burdens on the limited resources of the clerk of this court as well as the clerks of the district courts and on the court itself and cannot be permitted to continue. In the absence of the filing of the required certifications, the filing of notices of appeal serves no purpose except to expend judicial resources which could be better utilized elsewhere. Likewise, Mr. Judd's lack of truthfulness or candor in the certifications which have been filed cannot be countenanced. Accordingly, we find Mr. Judd to be in contempt of this court and will fine him $750.00 as a sanction for that contempt. Should there be further violations of the court's

injunction or lack of truthfulness in certifications filed pursuant to the March 4, 2005 injunction, progressively stronger sanctions will be imposed."); Judd v. U.S. Dist. Ct. W. D. Tex., 183 Fed.Appx. 970, 974, 2006 WL 1582223, 4 (Fed. Cir. 2006)("Judd's abuse of the judicial process is clear. Thus, in addition to dismissing these appeals for lack of jurisdiction and for failure to pay the docketing fees, we direct the clerk to dismiss on the date of docketing any additional appeals that are forwarded to this court unless the docketing fee has been paid in full in the district court." ); Judd v. United States, No. 05-5289, 05-5290, 2006 WL 1565084, 2 (D.C. Cir. 2006) (unpublished) ("FURTHER ORDERED, on the court's own motion, that appellant be enjoined from filing any new cases in the United States Court of Appeals for the District of Columbia Circuit without first obtaining leave of this court."); see also, e,g, Judd v. United States, No. 10-5075, 2010 WL 3326884, 2 (W.D.Ark. July 23, 2010) (unpublished); Judd v. United States, No. 10-CV-203-GKF-FHM, 2010 WL 1416733, 1 -2 (N.D.Okla. Apr. 5, 2010); Judd v. United States, No. 4:10cv91-RH/WCS, 2010 WL 1576745, 1 (N.D. Fla. Apr. 1, 2010).

## CONCLUSION

I now grant Judd leave to proceed in forma pauperis and I recommend that this habeas petition be dismissed with prejudice. I further recommend that a certificate of appealability should not issue in the event Judd files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought,

together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

      Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

                                                    /s/ Margaret J. Kravchuk
                                                    U.S. Magistrate Judge

September 20, 2010