UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| KEITH RUSSELL JUDD, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:10-cv-00382-JAW |
| | ) | |
| UNITED STATES ATTORNEY | ) | |
| GENERAL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AFFIRMING THE RECOMMENDED DECISION AND DENYING RELATED MOTIONS**

Keith Russell Judd, currently serving a 210-month sentence at the Texarkana Federal Correctional Institution in Texarkana, Texas, for two counts of mailing a threatening communication with the intent to extort money or something of value, 18 U.S.C. § 876, objects to the Magistrate Judge's Recommended Decision denying his habeas corpus petition against the possibility of confinement in the future for constructive possession of firearms. He has filed additional motions relating to his assertion of "actual innocence" and seeking class certification. The Court affirms the Recommended Decision and dismisses or denies the remaining motions.

I.  **PROCEDURAL HISTORY**

On September 20, 2010, the United States Magistrate Judge issued an order granting Mr. Judd's motion to proceed *in forma pauperis* even though he had failed to file the inmate account statement required by 28 U.S.C. § 1915(a)(1), and

recommended that the Court dismiss Mr. Judd's habeas petition with prejudice. *Order Granting Mot. to Proceed* In Forma Pauperis *and Recommendation Regarding 28 US.C. § 2241 Pet.* (Docket # 3) (*Recommended Decision*). Mr. Judd objected to the recommended dismissal of his petition and filed four additional motions: (1) a Motion to Take Judicial Notice of Actual Innocence pursuant to Federal Rule of Evidence 201(d); (2) a Motion for Declaratory and Injunctive Relief asserting that Mr. Judd has no felony conviction or sentence; (3) a Motion to Certify Actual Innocence; and, (4) an application for Class Action Certification. *Objections to Magistrate's Report and Recommendation; 28 U.S.C. § 636(b)(1)(B)* (Docket # 12); *Mot. to Take Judicial Notice of Actual Innocence; Fed. R. Evid., Rule 201(d)* (Docket # 7) (*Judicial Notice Mot.*); *Mot for Declaratory and Injunctive Relief to Correct R. that There is No Federal Felony Conviction or Sentence for Keith Russell Judd* (Docket # 8) (*Inj. Mot.*); *Mot. for Ct. to Certify Actual Innocence Claim Under Savings Clause* (Docket # 10) (*Mot. to Certify*); *Appl. For Class Action Certification* (Docket # 14) (*Appl. for Class Cert.*).

## II. ANALYSIS

As regards Mr. Judd's *in forma pauperis* motion and his habeas petition, the Court has reviewed *de novo* Magistrate Judge Kravchuk's findings and recommendations and finds no error. The Court adopts them in full, adding only that, as regards his habeas corpus petition, Mr. Judd is not "in custody" pursuant to 28 U.S.C. § 2241(c). The United States Supreme Court has made it clear that to obtain habeas corpus review, the petitioner must be in custody "under the

conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). Mr. Judd seeks habeas review of future confinement or prosecution for possession of a firearm by a felon under 18 U.S.C. § 922(g), *Petition for Writ of Habeas Corpus* at 1 (Docket # 1), a crime he has not committed, much less one under which he has been convicted or sentenced. As he is not "in custody" for purposes of his habeas corpus petition, he is not entitled to habeas corpus relief.

Mr. Judd's remaining motions filed after the Magistrate Judge issued her Recommended Decision are not the subject of Mr. Judd's objection. Two of these motions assert Mr. Judd's actual innocence. The first attaches a December 16, 1997 letter from the Federal Bureau of Investigation responding to a letter from Mr. Judd complaining of certain federal violations and enclosing a $1 bill. Mr. Judd concludes from the text of the letter that:

> [t]here is no possible way that this same Office of the Federal Bureau of Investigation that arrested Keith Russell Judd, could have believed any prior mailing of threatening communications could have been committed by Keith Russell Judd as alleged in United States v. Judd, No. MO-98-CR-093 (W.D. Texas). This criminal case was fabricated by the FBI at a later date.

*Judicial Notice Mot.* at 1. The second motion refers to a divorce proceeding between Mr. Judd and Karen Corey-Steele.[1] *Mot. to Certify*. Mr. Judd argues that because Ms. Corey-Steele made no allegations during the proceeding of any threats or

---

[1] At the divorce proceeding before Judge Connally of the District Court of Ector County, Texas, Ms. Corey-Steele remarked: "Your Honor, we were never married. I allowed him to use my home so he could receive mental health care here because he told me that he couldn't receive mental health care in Albuquerque." *Mot. to Certify* Attach. 1 3:6–9. Nonetheless, after briefly discussing the matter with Mr. Judd and Ms. Corey-Steele, Judge Connally stated on the record that he found "based on the pleadings of Ms. Steele and the representations of Mr. Judd that those parties are not joined together in matrimony under the laws of Texas and this will free both of you." *Id.* 4:13–23.

3

violence by Mr. Judd, "[t]his is absolute proof that Keith Russell Judd is ACTUALLY INNOCENT of the charges of mailing threatening communications to Karen Y. Corey-Steele as alleged in United States v. Judd, No. MO-98-CR-093 (W.D. Texas)." *Id.* at 2.

The motions relate to Mr. Judd's original conviction, and so do not fall under his habeas petition for future incarceration, yet are not accompanied by another habeas petition. Nonetheless, for the sake of expediency, the Court analyzes the motions together as a second habeas petition under 28 U.S.C. § 2241 via the "savings clause" of § 2255.[2] Viewed through this lens, the motions must be denied. A § 2241 habeas petition "is properly brought in the district court with jurisdiction over the prisoner's custodian." *United States v. Barrett*, 178 F.3d 34, 50 n.10 (1st Cir. 1999). Mr. Judd is currently incarcerated in Texas and his habeas action must be brought in courts within that jurisdiction.

Mr. Judd's motion for declaratory and injunctive relief asks that the Court "correct, clarify, amend or expunge any record of felony conviction or sentence in United States v. Judd . . . in the United States District Court for the Western District of Texas." *Inj. Mot.* at 7. The motion is premised on his assertion that "after a diligent search there is no original record of conviction or sentence." *Id.* at

---

[2] The savings clause provides:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255(e) (emphasis added).

4

5. Although Mr. Judd attempts to proceed under the guise of the All Writs Act, 28 U.S.C. § 1651, Federal Rule of Criminal Procedure 36, and Federal Rule of Civil Procedure 44(b), the relief he seeks undoubtedly falls under habeas review. *See Judd v. United States*, Civil No. 10-5075, 2011 WL 308247, at *1 (W.D. Ark. Jan. 27, 2011) ("Although [Mr. Judd] couched his plea in terms of F.R.C.P. 60(d), he clearly seeks relief which falls within the provisions of 28 U.S.C. § 2255, and his claims have been so treated."). The Court proceeds on that basis and dismisses his motion for lack of jurisdiction.

Mr. Judd's most recent motion seeks class certification under Rule 23 for himself "and all others similarly situated." *Appl. for Class Cert.* at 1. Class certification requires the plaintiff to establish the four elements of Rule 23(a) and at least one element of Rule 23(b). FED. R. CIV. P. 23; *see Smilow v. Southwestern Bell Mobile Systems, Inc.*, 323 F.3d 32, 38 (1st Cir. 2003) (citing *Amchem Prods. Inc. v. Windsor*, 521 U. S. 591, 614 (1997)); *Van Meter v. Harvey*, No. 1:09-cv-00633-JAW, 2011 WL 310693, at *6 (D. Me. Jan. 31, 2011). In support of his motion, Mr. Judd offers only a single conclusory statement that "[t]his action satisfies all of the requirements of [Rule 23] for Class Action Certification." *Appl. for Class Cert.* at 1. This is insufficient to satisfy his burden under Rule 23.

In short, Mr. Judd was convicted in New Mexico and is currently incarcerated in Texas. The District of Maine has no connection to Mr. Judd and, if it did, the Court would deny his motions as without legal substance. Furthermore, the Court will not transfer Mr. Judd's action to any court within Texas (or, for that matter, to

5

any other court within the Fifth Circuit). As noted by the Magistrate Judge, "[t]he Fifth Circuit Court of Appeals has repeatedly noted this Petitioner's 'history of vexatious and frivolous litigation in this court and many other courts,' its own 'repeated warnings' and imposition of sanctions, and that they 'have been insufficient to deter him from continuing to file frivolous challenges to his conviction.'" *Recommended Decision* at 4. In 2008, the Fifth Circuit barred Mr. Judd from "filing in this court or in any court subject to this court's jurisdiction, any challenge to his conviction or sentence until all sanctions in all his actions are paid in full, unless he first obtains leave of the court in which he seeks to file such challenge." *Judd v. Fox*, 289 Fed. Appx. 795, 795–96 (5th Cir. 2008). According to a decision by the United States District Court for the Eastern District of Texas, the Fifth Circuit has sanctioned Mr. Judd at least $815 since 1999. *See Judd v. United States*, Civil Action No. 5:10cv162, 2011 WL 846838, at *1 (E.D. Tex. March 9, 2011).

The Court views Mr. Judd's motions and petitions as a continuation of his history of frivolous, vexatious and jurisdictionally deficient filings. As the Magistrate Judge noted, Mr. Judd has filed an astonishing 748 cases in federal courts since 1997, and has a well-deserved reputation as an abusive litigant. *Recommended Decision* at 2–6. Having been sanctioned and enjoined from filing suit in other courts including the United States Supreme Court, *Judd v. U.S. Dist. Ct. W.D. Tex.*, 528 U.S. 5, 5–6 (1999); the Third Circuit, *In re Judd*, 240 Fed. Appx. 981, 982 (3rd Cir. 2007); the Fifth Circuit, *Judd v. Fox*, 289 Fed. Appx. at 795–96;

6

the Court of Appeals for the District of Columbia, *Judd v. United States*, No. 05-5289, 05-5290, 2006 WL 1565084, at *1 (D.C. Cir. Feb. 14, 2006); and the District of Massachusetts, *Judd v. United States*, C.A. No. 06-10172-PBS, 2010 WL 1904869, at *1 (D. Mass. May 5, 2010), Mr. Judd has apparently now turned his attention to the District of Maine.

The Court concludes that Keith Russell Judd's filings in this matter are "based on . . . indisputably meritless legal theor[ies]." *Wasson v. Caton*, 984 F.2d 537, 540 (1st Cir. 1993) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). As such, in accordance with *Cok v. Family Court of Rhode Island*, the Court CAUTIONS Mr. Judd and places him on NOTICE that filing restrictions "may be in the offing." 985 F.2d 32, 35 (1st Cir. 1993).

### III. CONCLUSION

The Court AFFIRMS the Recommended Decision of the Magistrate Judge (Docket # 3).

The Court DISMISSES with prejudice Keith Russell Judd's 28 U.S.C. § 2241 Petition (Docket # 1).

The Court DISMISSES with prejudice Keith Russell Judd's Motion to Take Judicial Notice of Actual Innocence (Docket # 7), Motion for Declaratory and Injunctive Relief to Correct Record that There is No Federal Felony Conviction or Sentence for Keith Russell Judd (Docket # 8), and Motion for Court to Certify Actual Innocence Claim Under Savings Clause (Docket # 10).

7

The Court DENIES Keith Russell Judd's Application for Class Action Certification (Docket # 14).

In the event Keith Russell Judd appeals this decision and seeks a certificate of appealability, the Court DENIES the certificate of appealability because there has been no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

SO ORDERED

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 12th day of April, 2011